### IRVING IRON WORKS CO. v. HEBBERD & WENZ, Inc.

(Circuit Court of Appeals, Second Circuit, November 9, 1915.)

#### No. 48.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—FASTENING FOR GRATINGS.

    The Berson patent, No. 1,105,873, for means for fastening floor and sidewalk gratings, claim 1, *held* to disclose patentable invention, but not infringed.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by the Irving Iron Works Company against Hebberd & Wenz, Incorporated. Decree for defendant, and plaintiff appeals. Affirmed.

This cause comes here upon appeal from a decree dismissing the bill in a suit brought for alleged infringement of a patent. The patent is No. 1,105,873 issued August 4, 1914 (on application filed December 12, 1913), to N. Berson, for "means for fastening floor and sidewalk grating."

The opinion of Judge Veeder in the District Court is as follows:

Suit for infringement of claim 1 of patent No. 1,105,873, for means for fastening floor and sidewalk gratings, granted to Nathan Berson, assignor to Irving Iron Works Company, August 4, 1914. The claim involved reads:

"The combination, with a grating having a plurality of substantially parallel projecting bars at each end and a frame for holding the said grating having end supporting pieces for the grating, of a projecting member set in the frame and having a roughened under surface extending substantially parallel to the grating, and a swinging member pivoted in the projecting ends of the grating and adapted to engage the roughened under surface of the projecting member."

From mere inspection of the patented device one would doubtless be inclined to regard it as a product of mechanical skill only. But, when it is considered in connection with the testimony in this case, I think it must be admitted that it discloses patentable invention. The evidence shows that the patented device solved a real difficulty which trained engineers had failed to solve, and that it was immediately adopted by the Public Service Commission for use on the subways.

The patent is therefore valid for what the inventor described and claimed. The combination, as set forth in the claim, includes "a projecting member set in the frame and having a roughened under surface * * * and a swinging member * * * adapted to engage the roughened under surface of the projecting member." The function of the roughened under surface of the projecting member, thus accentuated in the claim, is distinctly stated in the specification. The projecting member illustrated in the drawings is a bolt mounted in the vertical flange of the angle iron and clamped thereto by a lock nut. "The lock nut 7 can then be easily screwed up with a spanner thereby fastening the bolt rigidly in a horizontal position with its serrated under surface bearing down on the swinging member 8. This prevents the surging member 8 from being easily disengaged from the bolt and firmly fastens the grating in the frame."

While I am unable to assent to the defendant's contention that in its structure the projecting member is not "set in the frame," I agree that its projecting member has no "roughened under surface" as required by the claim. In the defendant's device the inwardly projecting member is stamped out of the vertical portion of the frame. Instead of having a roughened under surface, it is relatively smooth, or as smooth as it can be, considering the manner in which it is made. If it can also be said to be relatively rough as compared with a filed and polished surface, it is sufficient to say that there is no intentional roughening of the under surface, and that as compared with the plaintiff's threaded bolt it is smooth. Certainly it is not rough enough to perform the function which the complainant's claim and specification require.

I am therefore of opinion that the defendant's structure does not infringe.

A. Parker Smith, of New York City, for appellant.

Munn & Munn, of New York City (T. H. Anderson, of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The patentee in his specifications states that:

"The problem of providing a simple and efficient fastening for holding the gratings in their supporting frames of angle iron or equivalent construction, which can be conveniently operated both in attaching and detaching, has presented some difficulty. Such fastening must be placed below the upper surface of the grating so as not to present any projections against which the feet of pedestrians may strike, and when so located it soon becomes buried in accumulated dirt, rust, or ice, which, added to the inaccessibility of its position, makes it difficult to detach when the grating is to be taken up, as well as difficult to install in the first place. I have invented a simple form of attachment for such gratings which overcomes these difficulties, and the best form of apparatus at present known to me, embodying the principle of my invention, is illustrated in the accompanying sheet of drawings."

The claim, infringement of which is charged, reads:

"1. The combination with a grating having a plurality of substantially parallel projecting bars at each end, and a frame for holding the said grating having end supporting pieces for the grating, of a projecting member set in the frame and having a roughened under surface extending substantially parallel to the grating, and a swinging member pivoted in the projecting ends of the grating and adapted to engage the roughened under surface of the projecting member."

The prior art contains a patent, No. 1,105,791, granted August 4, 1914 (on application filed July 7, 1913), to Walter E. Irving, for "means for fastening floor and sidewalk gratings." The claim of the Irving patent reads:

"The combination with a grating having a plurality of projecting bars at each end, and a frame for holding the same having end pieces of angle iron, of a threaded bolt loosely fitting in a hole in the vertical flange of the angle iron, a nut for clamping said bolt rigidly to said angle iron in a position parallel to the grating, and a swinging plate perforated to engage said bolt and pivoted to the projecting bars of the grating."

This sufficiently describes Irving's device. It is quite apparent that the claim of the patent in suit can be given no broad construction; the mere substitution of a hook, or an eye, or some other device, for a hole in a swinging plate, such hole, hook, eye, or what not engaging with a projection, would not be patentable. Examination of the specification shows that Berson effected a co-operation of the two parts of the holding device which apparently made it more efficient. His swinging member is a U-shaped structure adapted to swing under the projection with which it is to engage. His projecting member, which is a bolt, screw-threaded as bolts are, extends parallel to the horizontal flange of the angle iron on which the grating rests; the bolt being mounted in the vertical flange of the angle iron. A hole is made in this flange, through which the bolt is inserted and clamped to the flange by a lock nut. This hole is made larger than the bolt, so that the latter may be pointed slightly upward, if necessary, to facilitate swinging the U-shaped structure under it. The lock nut can then be easily screwed up with a spanner, thereby fastening the bolt rigidly in a horizontal position with its serrated under surface (the serration being the screw-threads) bearing down on the swinging member. This, as patentee points out, "prevents the swinging member from being easily disengaged from the bolt and firmly fastens the grating in the frame." It would seem to constitute a more effective holding device than one so arranged that the loop will swing in and out under the projection, without being directly pressed upon by the latter, after it has swung under. It is not necessary for us now to determine whether this particular arrangement of parts constitutes patentable invention; for the purposes of this appeal it may be assumed that the Berson patent is valid.

The details of the holding device above set forth are stated in the specifications to be "preferable," but we think claim 1 cannot be sustained unless they are read into it; the claim itself seems to indicate that this is to be done, because it enumerates the projecting member

"*set* in the frame," which implies that it is inserted in the frame and there affixed in the manner described in the patent, or, it may be, in some other equivalent manner which makes the two parts of the locking device function as Berson's parts do, the projection "bearing down" on the swinging loop to secure firm fastening.

The defendant's device differs from this. Its swinging hook, which is the equivalent of the U-shaped structure, swings under a projection from the vertical flange of the angle iron. That projection is a tongue or lug stamped out of the vertical flange, which does not nip or bear down on the swinging hook, and therefore lacks the function of firm fastening which the Berson combination secures. As claim 1 must be construed, if it is to stand, defendant does not infringe it.

Decree affirmed, with costs.